**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3004
_____

OMOLO NYAGUTI OKEMBA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA- 1: A201-075-069)
Immigration Judge: Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2021

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit Judges.*

(Filed: December 20, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Omolo Okemba overstayed his visa. Removal proceedings followed, and he accepted voluntary departure. Changing his mind, he sought to reopen his case, but his motion was denied as untimely, and the Board of Immigration Appeals ("BIA") dismissed his appeal. Because the BIA did not abuse its discretion, we will deny his petition for review.

## I. BACKGROUND

Okemba, a native of Kenya, entered the United States in 2012. After overstaying his visa, he was placed into removal proceedings. During the process, he moved to New Jersey with his first wife, then to Pittsburgh after that marriage failed. While in Pittsburgh, he hired counsel to handle his removal case, explaining that he intended to re-marry when his divorce finalized. According to Okemba, counsel never asked questions that may have led to an asylum claim. A significant error, he maintains, as he fears returning to Kenya "because of his membership in a community self-help group called 'Future Rarieda Youth Group.'" (A.R. at 19–20.) But Okemba's counsel disputes that claim, and adds that Okemba was "unresponsive to multiple requests for information over a long period of time." (A.R. at 90.)

Okemba sought, and received, several continuances to finalize his divorce and remarry, at which time his new spouse would file an I-130. Following months without progress, the Immigration Judge ("IJ") decided that Okemba had to choose between voluntary departure and a removal order. After consulting counsel, Okemba chose

voluntary departure. On August 29, 2019, the IJ ordered that Okemba be granted voluntary departure.

Okemba then hired a new attorney, moved to reopen his case, and applied for asylum. But he did not file his motion until December 11, 2019—two weeks after the motion's ninety-day statutory filing deadline had expired—despite retaining new counsel four weeks earlier, *see* 8 U.S.C. § 1229a(c)(7)(C)(i). The IJ denied the motion, finding that Okemba had not established an exception to the timeliness requirement, and the BIA dismissed on that basis. This timely petition followed.[1]

## II. DISCUSSION

We review the denial of a motion to reopen removal proceedings for abuse of discretion. *Alzaarir v. Att'y Gen. of U.S.*, 639 F.3d 86, 89 (3d Cir. 2011) (per curiam); *Sevoian v. Ashcroft*, 290 F.3d 166, 170–71 (3d Cir. 2002). Findings of fact are reviewed for substantial evidence, *Sevoian*, 290 F.3d at 171, an "extraordinarily deferential" standard, *Romero v. Att'y Gen. of U.S.*, 972 F.3d 334, 342 (3d Cir. 2020) (quoting *Garcia v. Att'y Gen. of U.S.*, 665 F.3d 496, 502 (3d Cir. 2011), *as amended* (Jan. 13, 2012)). Okemba blames his late filing on ineffective assistance of counsel, a legal claim we review de novo. *Fadiga v. Att'y Gen. of U.S.*, 488 F.3d 142, 153 (3d Cir. 2007).

### A.

Congress established a ninety-day time limit to reopen a removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). Movants seeking untimely reopening of proceedings bear the burden

---

[1] The BIA had jurisdiction over the appeal from the IJ's decision under 8 C.F.R. § 1003.1(b)(3) and we have jurisdiction under 8 U.S.C. § 1252.

of demonstrating eligibility for the requested relief. *Pllumi v. Att'y Gen. of U.S.*, 642 F.3d 155, 161 (3d Cir. 2011). Applicants for asylum or withholding of removal may move to reopen at any time—even after the ninety-day deadline—if their applications are based on "changed country conditions arising in the country of nationality or . . . to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii) (noting that "changed country conditions" can form the basis of relief "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding"); *Pllumi*, 642 F.3d at 161. We have also held that the deadline for filing motions to reopen may be equitably tolled. *See Alzaarir*, 639 F.3d at 90. To toll the deadline for ineffective assistance of counsel, allegations must be "substantiated and accompanied by a showing of [petitioner's] due diligence." *Id.*

Okemba's motion to reopen was late. The IJ issued her final decision on August 29, 2019, so Okemba's motion was due ninety days later, November 27, 2019. But he filed on December 11, 2019. Okemba never claimed that his motion "f[ell] within any exception" to the ninety-day deadline or "should be considered timely for any other reason." (A.R. at 3.) Indeed, he never explained why he filed late. Accordingly, the BIA properly dismissed Okemba's motion.

We can only review claims raised before the BIA. *See* 8 U.S.C. § 1252(d)(1) (providing for judicial review of removal orders "only if" the applicant has "exhausted all administrative remedies"); *Kibinda v. Att'y Gen. of U.S.*, 477 F.3d 113, 120 n.8 (3d Cir. 2007) ("[Petitioner] did not make any such claim before the IJ or BIA and cannot raise that claim for the first time in a petition for review. This statutory [exhaustion] requirement [is]

4

intended to ensure that the BIA has had a full opportunity to consider a claim before it is submitted to a federal court."). Because Okemba never argued equitable tolling, due diligence, or changed circumstances in Kenya before the BIA to explain his untimely petition, we cannot review those issues. *See Lin v. Att'y Gen. of U.S.*, 543 F.3d 114, 121 (3d Cir. 2008) (requiring petitioners to "place the [BIA] on notice of a straightforward issue being raised on appeal").

**B.**

But even if Okemba had not waived his claim, it would have failed on the merits.

Ineffective assistance warranting a motion to reopen carries procedural and substantive requirements. The movant must first file an affidavit detailing the facts alleged to show ineffective assistance and must allow counsel to respond. *Fadiga*, 488 F.3d at 155; *see Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Okemba satisfied this initial step. So we move to the second step and consider whether Okemba has actually established both ineffective assistance and prejudice. *Fadiga*, 488 F.3d at 157. He has not.

Okemba faults counsel's failure to explain all the consequences of voluntary departure. For example, he alleges he did not know that voluntary departure would prevent an asylum application. And he claims his attorney told him that there was nothing to be done after the voluntary departure order, ignoring the possibility of a motion to reopen.[2] But we agree with the IJ that Okemba falls short of the necessary showing. The IJ pointed

---

[2] We note that advising Okemba to move to reopen with no change in country condition or family status ran the risk of cancelling his voluntary departure. *See* 8 C.F.R. § 1240.26(d), (i); *see also Dada v. Mukasey*, 554 U.S. 1, 21 (2008). That could well explain counsel's strategy.

5

to counsel's denial of these accusations explaining Okemba was screened for asylum claims but, contrary to advice, chose to pursue only the marriage argument. And counsel pinned any delays in filing on Okemba's unresponsiveness. Delays, the IJ concluded, extending to Okemba's failure to timely file the I-130.

These determinations rest on substantial evidence. The IJ properly weighed Okemba's testimony against that of the attorney and found the attorney's account more persuasive. We will not disturb that finding relied on by the BIA.

### III. CONCLUSION

The BIA did not abuse its discretion in dismissing Okemba's appeal. We will deny the petition.